IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAQUALYN LABRAN JACKSON, <br> (TDCJ No. 1831393), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:15-cv-2242-B-BN |
| WILLIAM STEPHENS, Director <br> Texas Department of Criminal Justice <br> Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned issues the following findings of fact, conclusions of law, and recommendation concerning Petitioner JaQualyn Labran Jackson's construed motion for leave to proceed *in forma pauperis* ("IFP") [Dkt. No. 8].

**Background**

Petitioner declares that the 28 U.S.C. § 2254 application now before the Court [Dkt. No. 1] – concerning his 2012 conviction and sentence, for first degree murder, in Dallas County, Texas – was placed into the prison mailing system on May 5, 2015, *see id.* at 10. Petitioner's case was transferred from the Lufkin Division of the Eastern District of Texas to the Dallas Division of the Northern District of Texas in early July

2015. *See* Dkt. Nos. 2-4. And Petitioner has now responded to the Court's July 8, 2015 notice of deficiency [Dkt. No. 7] by filing a certificate of inmate trust account [Dkt. No. 8], which the Court should construe as an IFP motion. The trust account certification reflects that on July 16, 2015: (1) Petitioner's account balance was $114.17; (2) his six-month average balance was $134.64; and (3) the average monthly deposit into his account over the past six months was $81.67. *See id.* at 1.

## Legal Standards and Analysis

28 U.S.C. § 1915(a) sets forth the standards governing *in forma pauperis* motions. The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit ... that [he or she] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant in order to determine whether the payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The amount of money available to inmates in their prison trust account or from other sources should be considered. *See id.*; *Simon v. Quarterman*, No. 3:07-cv-1793-D, 2007 WL 4167943, at *1 (N.D. Tex. Nov. 20, 2007).

The filing fee for a habeas case is $5.00. *See* 28 U.S.C. § 1914(a). Although Petitioner is incarcerated, the financial picture he presents – set out above – reflects that he can afford to pay the filing fee without incurring undue financial hardship. *Cf.* N.D. TEX. MISC. ORDER NO. 6, Rule 2a(4)(a)(ii) (May 5, 2005) (this Court routinely grants leave to proceed *in forma pauperis* if "the average six month balance of [an] inmate['s] trust account and other financial resources are less than Fifty Dollars").

**Recommendation**

Petitioner's construed IFP application [Dkt. No. 8] should be denied, and he should be ordered to pay the $5.00 filing fee within 21 days of any order accepting this recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 3, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE